**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nathan C. Braun, | Case No. 26-cv-0511 (JWB/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Christopher Vierzba, | |
| Respondent. | |

Plaintiff Nathan C. Braun is completing a sentence for a state criminal sexual conduct conviction. *See State v. Braun*, Case No. A17-1889, 2018 WL 4201208 (Minn. Ct. App. Sept. 4, 2018), *review denied* (Minn. Oct. 24, 2018). He sues Christopher Vierzba, his conditional release officer, in federal court. (Doc. 1.) In essence, Mr. Braun claims that he and Officer Vierzba cut a deal (which Mr. Braun refers to as a "legally binding contract"): If Mr. Braun passed a polygraph test, Officer Vierzba would allow Mr. Braun to have contact with his minor daughter and help to overturn Mr. Braun's criminal conviction. (Doc. 1.) Mr. Braun claims that he satisfied his part of this agreement by passing the polygraph test, but Officer Vierzba failed to follow through with his end of the bargain; instead, Officer Vierzba issued a warrant alleging that he violated his conditional release. (Doc. 1.)

This is the second time in less than a week that Mr. Braun has filed a complaint against Officer Vierzba asserting substantially the same allegations and requests for relief. *See Braun v. Vierzba*, Case No. 26-CR-0401 (DWF/ECW) (D. Minn. Jan. 16, 2026)

1

("*Braun I*").  Mr. Braun did not pay the filing fee associated with this action, which was initiated second-in-time. Instead, he requests to proceed *in forma pauperis* ("IFP"). (Doc. 2.) This matter is therefore before the Court for preservice review pursuant to 28 U.S.C. § 1915A(b).  Upon that review, this Court recommends that Mr. Braun's complaint be dismissed as duplicative and thus frivolous and that his IFP application therefore be denied as moot.

Because Mr. Braun is a prisoner, *see* 28 U.S.C. § 1915(h), his IFP application is governed by 28 U.S.C. § 1915(b), which requires that prisoners seeking IFP status pay an initial partial filing fee upon initiating a civil action, *see Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). The initial partial filing fee owed by the prisoner-litigant is twenty percent of the greater of the average monthly deposits to the plaintiff's facility trust account or the average balance in the plaintiff's account for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(b)(1).

Mr. Braun did not submit a complete IFP application. (Doc. 2.) Instead, he submitted a statement sworn under penalty of perjury saying that he does not have the funds to pay an initial partial filing fee. *Id.* He also included his trust account statement for December 2025, which is blank. (Doc. 2-1.) Mr. Braun's IFP application is therefore deficient. However, upon consideration of Braun's sworn statement, the Court concludes that Braun may proceed with this action without first submitting an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

2

Mr. Braun is cautioned that the entire remaining balance of the $350.00 statutory filing fee will have to be paid in installments. Officials at the facility where Mr. Braun is confined will be notified of this requirement and will be authorized to withdraw funds from his facility trust account and remit those funds to the Court, consistent with § 1915(b), regardless of the outcome of this action.

While Braun may pursue this action without paying an initial partial filing fee, his complaint is nevertheless subject to preservice review pursuant to 28 U.S.C. § 1915A, which provides that the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may also dismiss repetitive lawsuits as frivolous. *Aziz v. Burrows*, 976 F.2d 1158, 1158-89 (8th Cir. 1992). "Duplicative litigation may occur when 'the parties, issues, and available relief do not significantly differ between the two actions.'" *Metzler v. Dep't of Agric.*, Case No. 22-CV-735 (NEB/DTS), 2022 WL 3227358, at *1 (D. Minn. Apr. 21, 2022) (quoting *Olson v. Counts*, Case No. 12-CV-0218, 2012 WL 1394270, at *2 (D. Minn. Feb. 17, 2012), *R&R adopted by* 2022 WL 3227568 (D. Minn. May 26, 2022).

Upon close review, the Court concludes that this matter is duplicative of *Braun I*. The allegations and claims for relief in this action and in *Braun I* are substantially the same. Indeed, the two complaints contain similar language describing Mr. Braun's alleged

agreement with his conditional release officer, his conditional release officer's purported failure to comply with the terms of that agreement, and the injuries he suffered as a result of the breach in agreement. *See Braun I* (Doc. 1). In all practical respects, Mr. Braun has filed the same civil complaint twice, just a few days apart. If Mr. Braun is entitled to relief from his claims, then *Braun I* is a sufficient vehicle through which to obtain that relief. The Court, therefore, finds no good reason for both complaints to proceed.

Because *Braun I* was filed first, this proceeding will be dismissed without prejudice as duplicative of *Braun I* and thus frivolous. *See Aziz*, 976 F.2d at 1158-59. The dismissal of this action does not in any way affect the disposition of *Braun I*.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**

1.  Plaintiff Nathan Christopher Braun's complaint, (Doc. 1), is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

2.  Plaintiff's IFP application, (Doc. 2), is **DENIED as MOOT**; and

3.  Plaintiff must pay the unpaid balance $350.00 of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where he is confined.

4

Date: January 28, 2026                    *s/Douglas L. Micko*

_____

DOUGLAS L. MICKO
United States Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).